IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**DAYMEON DAMAR JOHNSON,**

    **Movant,**

v.                                              **Case No. 2:22-cv-00321**
                                                     **Criminal Case No. 2:16-cr-00163-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Movant Johnson filed a § 2255 Motion to Vacate. (ECF No. 183).[1] Pending before the court is Respondent's Motion to Dismiss (ECF No. 188). This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court. As the undersigned conclusively **FINDS** that Movant is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

I. **Relevant History**

Johnson pled guilty to conspiracy to distribute heroin and was sentenced by this court on April 4th, 2017 to 168 months' imprisonment. (ECF Nos. 183 at 1, 188 at 1).

---

[1] The cited docket entries correspond to Johnson's criminal case in this district, *United States v. Johnson*, No. 2:16-cr-00163-1.

1

Johnson filed a previous § 2255 motion on September 11, 2019, alleging ineffective assistance of counsel at sentencing and that his sentence violated the Ex Post Facto Clause. (ECF Nos. 152, 153). After the first § 2255 petition was dismissed, (ECF No. 182), two of Johnson's state misdemeanor convictions were vacated pursuant to Mich. Comp. Law Ann § 780.621e. (ECF No. 183 at 13-16). Johnson then filed the instant petition, arguing that he should be resentenced, because the vacatur of the two state convictions would change his criminal history category within the federal sentencing guidelines. (*Id.*).

## II. Standard of Review

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States, the court imposing the sentence lacked jurisdiction, the sentence exceeded the maximum authorized by law, or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence." *Merritt v. United States*, 499 F. Supp. 3d 249, 254 (E.D. Va. 2020) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). If the prisoner is clearly not entitled to relief, the court may in its discretion decide not to hold an evidentiary hearing. 28 U.S.C. § 2255(b); *United States v. King*, 679 Fed. Appx 297, 299 (2017).

## III. Discussion

Respondent argues that Johnson's petition is an unauthorized successive petition and therefore barred by 28 U.S.C. § 2255(h). (ECF No. 188 at 1). Respondent is incorrect. Johnson argues in his motion that he is entitled to resentencing, because two state convictions which contributed to his federal sentence have been set aside. (ECF No. 183).

Where a petitioner brings a subsequent § 2255 action regarding state convictions which were set aside after the prior § 2255 motion, the later motion is not treated as a second or successive petition under § 2255(h), and the petitioner does not need prior authorization from the Court of Appeals to file the petition. *See United States v. Hairston,* 754 F.3d 258 (4th Cir. 2014) (holding that a numerically second petition is not "second or successive" within the meaning of § 2255(h) where it raises the vacatur of state convictions which occurred after the prior petition); *also In re Jones,* 54 F.4th 947 (6th Cir. 2022); *In re Weathersby*, 717 F.3d 1108 (10th Cir. 2013); *Stewart v. United States*, 646 F.3d 856, 864 (11th Cir. 2011); *United States v. Hawkins,* No. 2:10CR00004-001, 2022 WL 1744455, at *2 (W.D. Va. May 31, 2022) (explaining that a small subset of claims may be raised in a subsequent habeas petition without being categorized as successive because they were not ripe when the first petition was filed). Johnson's misdemeanor state convictions were vacated after his first § 2255 petition, meaning the instant petition is not "successive" within the meaning of § 2255(h).

Although this motion is not successive and need not be dismissed for lack of authorization, there are two reasons why it must be denied for lack of merit. First, the Michigan statute under which Johnson's misdemeanor convictions were set aside specifically states:

> If an application to set aside a conviction or convictions is granted under section [780.62]1e, the applicant may not thereafter seek resentencing in another criminal case the applicant was sentenced for during which the conviction or convictions at issue were used in determining an appropriate sentence for applicant, whether or not the setting aside of the conviction or convictions would have changed the scoring of a prior record variable for purposes of the sentencing guidelines or otherwise.

Mich. Comp. Law Ann. § 780.621f (2) (West 2022). Because the vacatur of his state convictions is his sole ground for relief, and the statutory scheme allowing the vacaturs

3

very explicitly prohibits the use of the vacaturs in the manner proposed by Johnson, his petition must be denied.

Second, when calculating the criminal history category under the United States Sentencing Guidelines (U.S.S.G), convictions that have been vacated are still counted if they were set aside for reasons unrelated to innocence or errors of law. The 2016 U.S.S.G., which was used at Johnson's sentencing, provides in Application Note 10 to § 4A1.2:

> **Convictions Set Aside or Defendant Pardoned**.—A number of jurisdictions have various procedures pursuant to which convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. § 4A1.2(j).

U.S.S.G Manual § 4A1.2 app. n. 10. In this case, Johnson was not required to make a showing in Michigan that his convictions were obtained through errors of law, or that he was factually or legally innocent of the crimes at the time he was convicted of them in 2004 and 2005. Instead, after Michigan voters passed an initiative in 2018 to legalize the recreational use of marijuana, Michigan allowed individuals who had previously been convicted of misdemeanor marijuana offenses to apply to have their convictions set aside. Mich. Comp. Law Ann. § 780.621e (West 2020). Johnson made use of this statute. The statute required the convicted individual to file an application requesting the conviction or convictions be set aside. If the prosecutor did not respond to the application within sixty days, the convictions would be vacated as a matter of course, without a hearing and without the submission of evidence. *Id*. That is what occurred in Johnson's case. (ECF No. 183 at 13-16). Accordingly, even if Johnson's two misdemeanor marijuana convictions had already been set aside at the time of his sentencing in this case, they still would have been counted for purposes of calculating his criminal history category, and his U.S.S.G.

sentence range would have remained the same. *See, e.g., Milan v. United States,* 57 F. Supp.3d 571, 582 (E.D. Va. 2014); *Nichols v. United States,* No. 2:04-CR-00044-RWS, 2012 WL 255788, at *3 (N.D. Ga. Jan 27., 2012). As such, the undersigned **FINDS** that there is no basis upon which to grant the relief requested by Johnson.

## IV.     Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 183), be **DENIED,** Respondent's Motion to Dismiss, (ECF No. 188), be **GRANTED**, and that this civil action be **DISMISSED,** with prejudice, and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

5

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED**: February 7, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge