IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAYMEON DAMAR JOHNSON

    Petitioner,

v.                                          CIVIL ACTION NO.   2:22-cv-00321
                                            (Criminal No. 2:16-cr-00163-01)

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court are Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 183] and Respondent's Motion to Dismiss [ECF No. 188]. This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this court of Proposed Findings and Recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge has submitted findings of fact and recommended that this court grant Respondent's motion and dismiss this matter with prejudice. [ECF No. 196]. Petitioner Daymeon Damar Johnson filed objections to the PF&R. [ECF No. 197]. After reviewing *de novo* Mr. Johnson's objections, the court finds them without merit and **ADOPTS** Judge Eifert's PF&R [ECF No. 196], **GRANTS** Respondent's Motion to Dismiss [ECF No. 188], **DENIES** Plaintiff's Motion to Vacate, Set Aside, or Correct

Sentence [ECF No. 183], and **ORDERS** that this matter be **DISMISSED with prejudice**.

## I.    Background

In April 2017, Mr. Johnson pleaded guilty to conspiracy to distribute heroin, and this court sentenced him to 168 months imprisonment. [ECF No. 183, at 1].[1] He is currently incarcerated at FCI Butner in Butner, North Carolina, and his projected release date is July 8, 2027. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/index.jsp (first name "Daymeon," last name "Johnson") (last visited Oct. 4, 2023). On August 4, 2022, Mr. Johnson filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[2] [ECF No. 183]. Mr. Johnson alleges both errors in his original sentencing as well as an "exceptional change of circumstance requiring resentencing." *Id.* at 4. Specifically, because two previous convictions that contributed to his criminal history score have since been overturned, Mr. Johnson argues that he is "no longer categorized as he was previously." *Id.*

---

[1] For consistency, the court cites to the page numbers assigned by the federal judiciary's Case Management/Electronic Case File system.

[2] It should be noted that in his plea agreement, Mr. Johnson "knowingly and voluntarily waive[d] the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255." [ECF No. 94, at 5]. Nonetheless, Respondent failed to raise this waiver in its Motion to Dismiss. *See* [ECF No. 188]. As such, the court will not dismiss Mr. Johnson's § 2255 motion *sua sponte* based on his previous waiver because "the government may be deemed to have forfeited that defense." *Burgess v. United States*, 874 F.3d 1292, 1297 (11th Cir. 2017) ("[T]he government's response to a § 2255 motion must expressly invoke a collateral-action waiver."); *see also* Fed. R. Civ. Pro 8(c) ("[A] party must affirmatively state any . . . affirmative defense, including . . . waiver.").

At the time of sentencing, Mr. Johnson had two prior Michigan state convictions for possession and use of marijuana, respectively. *Id.* at 13–15. These convictions accounted for one criminal history point each. [ECF No. 184, at 2]; *see* U.S. Sent'g Guidelines Manual § 4A1.1(c) (U.S. Sent'g Comm'n 2021). Mr. Johnson correctly explains that his original presentence investigation report "gives a total of 11 points, [five] of which are 1‑point scores. However, only [four] 1‑point scores can be used [under United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(c)], making [his] true total 10 points." [ECF No. 184, at 2]. As such, at sentencing, the court found that Mr. Johnson had a total criminal history score of 10, placing him in a criminal history category of V. [ECF No. 184, at 2]; *see also* U.S. Sent'g Guidelines Manual § 5A (U.S. Sent'g Comm'n 2021).

Subsequent to that sentencing, Mr. Johnson made use of a Michigan statute allowing individuals with misdemeanor marijuana offenses to request convictions be set aside after the state legalized recreational use of the drug. *See* Mich. Comp. Laws § 780.621(e). Mr. Johnson asserts that the vacatur of those two prior convictions should reduce his total criminal history points to nine, which would, in turn, place him in a criminal history category of IV. [ECF No. 184, at 2]. With a base offense level of 30 and a criminal history category of IV, his sentencing guideline range would become 135 to 168 months, as opposed to his original range of 151 to 188 months. *Id.*; *see also* U.S. Sent'g Guidelines Manual § 5A (U.S. Sent'g Comm'n 2021).

3

Respondent filed a motion to dismiss, arguing that the court "has no jurisdiction to rule on the merits of the claims presented." [ECF No. 188, at 1]. Respondent asserts that this is a successive § 2255 petition, and Mr. Johnson did not receive Fourth Circuit approval before filing his motion. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals.").

In the PF&R, Judge Eifert rejected Respondent's argument and found that this motion "is not treated as a second or successive petition under § 2255(h)" because it concerns "state convictions which were set aside *after* the prior § 2255 motion." [ECF No. 196, at 3 (citing *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014) (holding that a numerically second petition is not "second or successive" within the meaning of § 2255(h) where it raises the vacatur of state convictions which occurred after the prior petition)]. Neither party has objected to Judge Eifert's jurisdictional analysis.

Having found jurisdiction, Judge Eifert proceeded to analyze the sufficiency of the § 2255 motion. [ECF No. 196, at 3]. She found "two reasons why it must be denied for lack of merit." *Id.* First, "the statutory scheme allowing the vacaturs very explicitly prohibits the use of the vacaturs in the manner proposed by Johnson." *Id.* at 3–4 (citing Mich. Comp. Laws § 780.621(f)). Second, "convictions that have been

vacated are still counted if they were set aside for reasons unrelated to innocence or errors of law," as was the case here. *Id.* at 4 (citing U.S. Sent'g Guidelines Manual § 4A1.2 cmt. n.10 (U.S. Sent'g Comm'n 2021)). Accordingly, Judge Eifert recommends that Petitioner's § 2255 motion be denied, Respondent's motion to dismiss be granted, and this civil action be dismissed with prejudice. *Id.* at 5.

"Mr. Johnson does not disagree with the findings of the Magistrate Judge" but objects to the PF&R for four reasons: (1) "in keeping with the commentary of the U.S.S.G, [Mr. Johnson's] convictions were alternative sentences;" (2) the "convictions were only worth (one) point each and closely relate to excludable offenses;" (3) Respondent "had the same opportunity to raise these issues but decided not to, therefore acquiescing to movant's claims;" and (4) "the President of the United States . . . has issued pardons for marijuana offenders and through Executive Order suggested marijuana be removed as a controlled substance." [ECF No. 197, at 1–2].

## II.   Legal Standards

### A.  Magistrate Judge's Recommendations

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not

conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of *de novo* review. *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 475 (W.D.N.C. 1997). When reviewing portions of the report *de novo*, this court will consider the fact that the plaintiff is acting *pro se*, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. Section 2255 Proceedings

Upon receiving a § 2255 motion, a judge must promptly examine it and dismiss the motion "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings [hereinafter "Section 2255 Rules"]. "If the motion is not dismissed, the judge must order the United States attorney to file an answer . . . or to take other action the judge may order." *Id.* Whether to conduct discovery or hold an evidentiary hearing are determinations "left to the sound discretion of the district court." *United States v. King*, 676 F. App'x 297, 298 (4th Cir. 2017) (quoting *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970)).

"'When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment,'

and the facts must be viewed 'in the light most favorable to the § 2255 movant.'" *Id.* (quoting *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007)). An evidentiary hearing is appropriate "if the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations." *Id.* (quoting *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004)).

## III.   Discussion

As stated, Mr. Johnson concedes that he "does not disagree with the findings of the Magistrate Judge." [ECF No. 197, at 1]. Instead, Mr. Johnson's response highlights his arguments as to why the court should remove the two criminal history points and lower his guideline range. *See id.* at 1–2. Nonetheless, in liberally construing his *pro se* filing, the court will consider his objections to the extent that they are sufficiently specific to warrant *de novo* review.

### A.  Objection 1: Alternative Sentences

In recommending that this court deny Mr. Johnson's § 2255 motion, Magistrate Judge Eifert referenced Application Note 10 to § 4A1.2 of the U.S.S.G, which provides that if a defendant's prior convictions are set aside for "reasons unrelated to innocence or errors or law," then "sentences resulting from such convictions are to be counted." U.S. Sent'g Guidelines Manual § 4A1.2 cmt. n.10 (U.S. Sent'g Comm'n 2021). Mr. Johnson objects because "in keeping with the commentary of the U.S.S.G., [Mr. Johnson's] convictions were alternative sentences" which accrue fewer criminal history points than sentences of imprisonment. [ECF No. 197, at 1]. Although this

objection seems more directed toward his original sentencing than toward Judge
Eifert's findings, the court liberally construes Mr. Johnson's objection as challenging
the magistrate judge's failure to acknowledge or address alternative sentences in her
own discussion of the U.S.S.G. commentary.

Mr. Johnson's objection is unavailing. Application Note 4 to § 4A1.2 explains
alternative sentences, stating that "[a] sentence which specifies a fine or other non-
incarcerative disposition as an alternative to a term of imprisonment . . . is treated
as a non-imprisonment sentence." U.S. Sent'g Guidelines Manual § 4A1.2 cmt. n.4
(U.S. Sent'g Comm'n 2021). However, § 4A1.1(c) describes the circumstances under
which a non-imprisonment sentence is nonetheless assigned criminal history points.
*Id.* § 4A1.2 cmt. n.2. And Mr. Johnson's prior two convictions were correctly counted
under the provisions of § 4A1.1(c) because he received a term of probation exceeding
one year and/or because, as explained below, the offenses of conviction are not
excludable misdemeanors. *See* [ECF No. 117, ¶¶ 141–42].

### B.  Objection 2: Excludable Offenses

Next, Mr. Johnson objects because his previous two convictions closely relate
to "excludable offenses" and, therefore, should not be counted in his criminal history.
[ECF No. 197, at 1]. However, Mr. Johnson here raises a new argument not addressed
in his § 2255 motion nor addressed by Judge Eifert. As such, the objection is improper.
Because it does not "direct the Court to a specific error in the magistrate's proposed

findings and recommendations," *Orpiano*, 687 F.2d at 47, the court need not consider it.

Nonetheless, even if Mr. Johnson's objection was proper, his argument is unavailing. Convictions for drug possession and use are not excludable offenses under the U.S.S.G., nor are they sufficiently "similar to" any excludable offense. *See, e.g.*, U.S. Sent'g Guidelines Manual § 4A1.2(c) (U.S. Sent'g Comm'n 2021) (providing for exclusion of "offenses similar to" the following misdemeanor offenses: hitchhiking, loitering, minor traffic violations such as speeding, and public intoxication). Moreover, courts routinely hold that misdemeanor drug offenses *should* be included based on their severity, level of culpability, and the other "relevant factors" outlined in the U.S.S.G. commentary. *See id.* § 4A1.2 cmt. n.12; *see, e.g.*, *United States v. Pedigo*, 12 F.3d 618, 629 (7th Cir. 1993) ("Possession of marijuana is not one of the enumerated exceptions, nor is it similar to one of those exceptions."); *United States v. Foote*, 705 F.3d 305, 307–09 (8th Cir. 2013). Thus, these convictions were properly counted when determining Mr. Johnson's criminal history category, and their subsequent vacatur has no effect on that determination.

### C. Objection 3: Acquiescence/Waiver

As stated, Respondent moved to dismiss Mr. Johnson's § 2255 motion on jurisdictional grounds, arguing that he was not authorized to file a second petition, [ECF No. 188, at 3], and Judge Eifert rejected this argument. [ECF No. 196, at 2–3]. She then proceeded to explain "why [his petition] must be denied for lack of merit."

*Id.* at 3. Mr. Johnson objects to the magistrate judge's findings, arguing that Respondent acquiesced to his claims because it "had the same opportunity to raise the issues but decided not to." [ECF No. 197, at 2].

Although Respondent argued for dismissal of Mr. Johnson's § 2255 motion solely based on lack of jurisdiction, the court retains the authority to consider the sufficiency of his petition. Indeed, the district court exercises broad discretion in conducting § 2255 proceedings. *See King*, 676 F. App'x at 298–99. In contrast to traditional civil litigation, "[t]he respondent is not required to answer [a § 2255 motion] unless a judge so orders." Rule 5(a), Section 2255 Rules. Although here the magistrate judge ordered the United States to answer Mr. Johnson's motion, [ECF No. 186], the Rules clearly contemplate the judge's continued ability to consider the merits of the motion. And nothing in the Rules suggests that the court strips itself of authority by ordering an answer.

Moreover, the court has an independent duty to deny unmeritorious motions, so I decline to treat Respondent's limited argument as a concession that Petitioner's motion has merit. *Cf., e.g., Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (finding that even when a plaintiff fails to oppose dismissal of their claim, a "district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted") (citing *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) ("[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own

reading of the pleading and knowledge of the law.")). As such, the magistrate judge could properly consider the merits of Mr. Johnson's motion, and it is of no consequence that the Government did not respond to the allegations on its merits.

### D. Objection 4: Presidential Actions

Last, Mr. Johnson objects because "the President of the United States has issued pardons for marijuana offenders and through executive order suggested marijuana be removed as a controlled substance." [ECF No. 197, at 2]. Here, Mr. Johnson is presenting the court with another new argument that he failed to raise in any prior filing. *See* [ECF Nos. 183, 184, 193]. Likewise, Judge Eifert does not raise this point. In fact, the PF&R does not make mention of any federal pardons for marijuana convictions given that Mr. Johnson has not been federally pardoned. Therefore, whether the President can or does issue such pardons is immaterial here. As such, the court need not consider this objection.

## IV.   Conclusion

For the foregoing reasons. Respondent's Motion to Dismiss [ECF No. 188] is **GRANTED**. Furthermore, Petitioner's 28 U.S.C. § 2255 Motion [ECF No. 183] is **DENIED**, and this matter is **DISMISSED with prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        October 5, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

11